CREDIT LYONNAIS S.A., Societe Generale S.A., Societe Generale Alsacienne De Banque, Natexis Banques Populaires S.A., Banca Nazionale Del Lavoro International, Commerzbank International S.A. and Banque Et Caisse D'Epargne De L'Etat Luxembourg, Plaintiffs–Appellants,

v.

KOREA ASSET MANAGEMENT CORPORATION and Namsan Restructuring No. I Co., Ltd., Defendants–Appellees.

No. 03–9171.

United States Court of Appeals, Second Circuit.

Sept. 21, 2004.

Cyrus Benson III, White & Case, LLP, New York, NY, for Plaintiffs–Appellants.

Steven J. Shore, Ganfer & Shore, LLP (James R. Anderson, on the brief), New York, NY, for Defendant–Appellee Namsan Restructuring No. I. Co., Ltd.

Robert A. Weiner, McDermott, Will & Emery (B. Ted Howes, Chryssa V. Valletta, on the brief), New York, NY, for Defendant–Appellee Korea Asset Management Corporation.

Present: NEWMAN, CALABRESI, and HALL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff financial institutions brought this suit in the Southern District of New York (Chin, *J.*) against Defendants Namsan Restructuring No I. Co., Ltd. ("Namsan") and Korea Asset Management Corporation ("KAMCO").[1] Plaintiffs alleged various claims arising from the failure of Defendant Namsan to "reconcile"[2] and purchase certain loans tendered in the context of a buy-out of the foreign (i.e., non-Korean) debt of the Korean conglomerate Daewoo. In their complaint, Plaintiffs argued that Defendant Namsan breached its contract with the tendering institutions, and that Defendant KAMCO—a non-signatory to the contract, to whom Namsan had assigned the power to reconcile the debt—should be held liable for tortious interference or pursuant to alter ego liability. Plaintiffs appeal from the decision of the District Court, granting summary judgment to the Defendants.

We agree with the Plaintiffs that Defendant Namsan was obligated to endeavor in good faith to reconcile and purchase the contested debt. *See, e.g., 511 West 232nd Owners Corp. v. Jennifer Realty Co.,* 98 N.Y.2d 144, 746 N.Y.S.2d 131, 773 N.E.2d 496, 500–01 (2002). But, we also conclude that whatever requirements of good faith existed under the contract or, more generally, under New York law were met here as a matter of law. KAMCO, to whom Namsan had assigned the right to make reconciliation decisions, was acting on advice of counsel, and in response to serious potential legal defects when it decided not to reconcile the tendered debt. Under these circumstances, the Plaintiffs have failed to create a material issue of fact as to whether the decision not to reconcile was made in good faith. *Cf. Dalton v. Educational Testing Service,* 87 N.Y.2d 384, 639 N.Y.S.2d 977, 663 N.E.2d 289, 291 (1995) (discussing the requirements of good faith under New York law).

Because Defendant Namsan did not breach its contract with the Plaintiffs, the Plaintiffs, as a matter of law, cannot

---

1. In their complaint, Plaintiffs alleged jurisdiction under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1330(a), 1603(a). KAMCO has admitted that it is a foreign "government agency," which suffices for jurisdiction under the FSIA, and we see no reason to doubt that pendent party jurisdiction was properly exercised with respect to Namsan. *See* 28 U.S.C. § 1367(a).

2. The word "reconcile" is used as a term of art in the contract between Plaintiffs and Defendant Namsan. Under the contract, tendered debt was "reconciled" once its legal and financial suitability for purchase was verified and confirmed.

make out their claims against Defendant KAMCO.

We have considered all of the Plaintiffs' arguments, including the claim that the debt was automatically reconciled as a result of some statements of Namsan's counsel, and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.